[Bolard *v.* Doughty.]

# Bolard *versus* Doughty.

1. The witness held a saw mill by lease, to indemnify him against liability on paper signed with the lessor, but if taken up by the lessor, then he was not to be the lessee of the mill, but to be paid for the amount of sawing done, by the lessor: *Held*, that he was a competent witness for the lessor, for lumber sawed by him; the pledge of the mill having been redeemed, by the extinguishment of the liability for which it had been pledged.

Error to the Common Pleas of *Crawford county*.

In June, 1854, Bolard contracted to furnish lumber to Doughty at 87½ cents per hundred. He furnished the lumber and received part of his pay from Doughty, leaving a balance due him on the contract in March, 1856, of $60.28, for the recovery of which sum he instituted suit before a justice of the peace. Subsequent to the making of the contract, Bolard leased his mills to one G. W. Watson in security for bail; and during the occupancy of the mills by Watson, under the lease, the lumber was sawed by Watson, and furnished the defendant, under the contract with the plaintiff.

Watson was released from his liabilities as bail for Bolard, and re-assigned his lease to Bolard, and was paid by Bolard for all the sawing he had done, by the thousand.

On the trial of the cause, G. W. Watson was called as a witness for plaintiff, to prove the delivery and quantity of the lumber, to whose testimony the defendant objected, on the ground of interest; the witness being examined on his *voire dire*, said, "plaintiff had rented me the mill, and he assigned me the logs from which the lumber was made, in security for bail; afterwards I re-assigned to Bolard, but in the mean time I sawed the lumber for defendant. The lumber was delivered before I assigned to plaintiff. If plaintiff paid the debts I was bail for, he then was to pay me for sawing by the thousand. Plaintiff paid me, from time to time, for sawing."

The witness was rejected, and this is the error here assigned.

*J. W. Farrelly*, for plaintiff in error, cited *Clover* v. *Painter*, Barr, 46; *Borhing* v. *Chandler*, 3 Id. 375; *Collins' Ex'ors* v. *Leech*, 4 Casey, 404; *Corning* v. *Vanartsdalen*, 4 Barr, 365; *Taylor* v. *Gift*, 10 Id. 430; *Carter* v. *Freeman*, 7 Id. 315.

*Hecker*, for defendant in error, cited *Post* v. *Avery*, 5 W. & S. 509; 7 W. & S. 144; 1 B. 173, 265; 2 Barr, 46; 7 Harris, 192; 2 Casey, 511; *Baley* v. *Knapp*, 7 H. 192; *Hatz* v. *Snyder*, 2 Casey, 511.

[Bolard *v.* Doughty.]

The opinion of the court was delivered by

THOMPSON, J.—Bolard, the plaintiff, was the owner of a saw mill ; and while so, contracted to furnish Doughty, the defendant, sawed lumber for a house, and received part payment, and delivered a portion of the lumber. He then leased his mill, and assigned the logs on hand to one G. W. Watson, as collateral security, to indemnify him, Watson, against loss by reason of being bail for him. In case Watson was saved harmless and relieved from liability, then Bolard was to pay him by the thousand, for what lumber he may have sawed. Under this arrangement, Watson took possession of the mill, and while so possessed, sawed and delivered to Doughty the lumber which plaintiff had agreed to furnish him. After this, Watson re-assigned the mill and the logs to plaintiff, and received pay by the thousand, part of which he had received, from time to time, previously to the re-assignment. On the trial below, Watson was offered as a witness by plaintiff, to prove the delivery of the lumber made by him to the defendant. The court rejected him as incompetent. During the whole time he was in occupancy of the mill, it was as agent and pawnee of the mill and logs for Bolard, and this was to be his condition, dependent on the contingency of his liability as bail. The contingency which was to change his relation never occurred.

He restored the property and possession, as any one would do with property which had been pledged and redeemed. His relation as an agent and servant existed throughout ; the contingency, making him a tenant and the owner of the logs, never having arisen. At the time of testifying, he had no interest whatever in the lumber, and never had ; and this is one criterion of competency,—the main one,—as was decided in *Roshing v. Chandler*, 3 Barr, 375 ; *Carter* v. *Trueman*, 7 Id. 315 ; for the pledge had been redeemed ; at least the pledgee treated it so, and the property without more, would have reverted to the plaintiff. The re-assignment did not help his title in the least, it was one way of doing the business ; but the rights of the parties will not be changed on account of the form adopted merely. Watson stood in no other light than any other hired man, operating for his employer, and was undoubtedly a competent witness. As to the suggestion, that as an employee, to be paid by the thousand for sawing, it was his interest to increase the amount of lumber he cut, by his own testimony, and that he was therefore interested, we see nothing whatever in this objection. The verdict and judgment in the case, could never be evidence for him.

We think the court erred in rejecting the witness, and the judgment must therefore be reversed.

Judgment reversed, and *venire facias de novo* awarded.